OPINION
{¶ 1} On March 19, 2003, the Muskingum County Grand Jury indicted appellant, Kevin Sands, on one count of possession of marijuana in his automobile in violation of R.C. 2925.11. Said charge arose from the stop of appellant's vehicle for failure to use a turn signal. During the stop, Lieutenant Franklin Pete Fisher of the Muskingum County Sheriff's Office detected an odor of marijuana. Appellant consented to a search and a drug dog brought to the scene indicated the presence of drugs. Upon searching the interior of the vehicle, marijuana was found.
 {¶ 2} On June 23, 2003, appellant filed a motion to suppress, claiming an illegal stop. A hearing was held on September 22, and October 27, 2003. By judgment entry filed January 6, 2003, the trial court denied the motion.
 {¶ 3} On April 15, 2004, appellant pled no contest. The trial court found appellant guilty and by judgment entry filed June 29, 2005, sentenced appellant to four years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS AS THE TOTALITY OF THE CIRCUMSTANCES DID NOT SUPPORT A SEARCH AND SEIZURE."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 9} Appellant argues under the totality of the circumstances test, the deputies' methods were unreasonable. Appellant argues the deputies targeted him and followed him because of their suspicions of his involvement with drugs.
 {¶ 10} Lieutenant Fisher has a K-9 with a narcotics certification. September 22, 2003 T. at 4-5. On the day in question, Lieutenant Steve Welker contacted Lieutenant Fisher to assist in a drug investigation involving appellant. Id. at 7. Lieutenant Fisher freely admitted they intended to follow appellant in hopes that he would violate a traffic law. Id. at 7-8, 24. He testified he observed appellant make a left turn at an intersection without activating his turn signal. Id. at 8. He followed appellant and observed appellant use his turn signal to change lanes, indicating the signal light was working. Id. at 9. Thereafter, Lieutenant Fisher stopped appellant's vehicle. Id. Lieutenant Fisher smelled a strong odor of marijuana coming from the vehicle. Id. at 11. When questioned if he had anything in the vehicle, appellant replied in the negative and invited Lieutenant Fisher to search the vehicle. Id. at 12. Lieutenant Fisher brought out his K-9 and circled the vehicle whereupon the dog indicated the presence of drugs. Id. at 13. Acting on the positive hit, Lieutenant Fisher searched the vehicle and found marijuana. Id. at 14. Lieutenant Fisher was in uniform and in a marked cruiser. Id. at 20-21.
 {¶ 11} Although Lieutenant Fisher freely admitted to watching appellant because of his suspected drug involvement, the deputies did not have any personal knowledge that appellant had drugs in his vehicle. October 27, 2003 T. at 54. The goal of the moving surveillance was to see if appellant possessed drugs. Id. at 55. Detective Matt Lutz also observed appellant fail to use his turn signal when he turned left. Id. at 66-67.
 {¶ 12} Appellant testified he saw Lieutenant Fisher's marked K-9 cruiser, and specifically used his turn signal when he turned left. Id. at 76-78.
 {¶ 13} In its January 6, 2004 judgment entry denying the motion to suppress, the trial court alluded to the credibility of the witnesses, and essentially found the two deputies were truthful when they testified to observing the traffic violation:
 {¶ 14} "From the testimony that several months of surveillance had taken place, the Court reasons that defendant would have been stopped on prior occasions had there been a traffic violation observed. Evidently until the day in question, none was observed.
 {¶ 15} "The defendant denies the violation and the argument that no citation was issued is not material. The issue is whether the Court believes that probable cause existed for the stop and the Court rules that there was probable cause and the underlying constitutional issues are not relevant."
 {¶ 16} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. In Dayton v. Erickson, (1996),76 Ohio St.3d 3, syllabus, the Supreme Court of Ohio held the following:
 {¶ 17} "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity. (United States v. Ferguson [C.A.6, 1993], 8 F.3d 385, applied and followed.)"
 {¶ 18} With the trial court's conclusion that a traffic violation had in fact occurred, we find the denial of the motion to suppress was correct, regardless of the specific intent of the deputies.
 {¶ 19} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.